UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No.   08 CR 374 |
| | ) | |
| v. | ) | |
| | ) | |
| VIKTORIJA MALUKAITE | ) | Acting Chief Judge Samuel |
| | ) | Der-Yeghiayan |
| | ) | |

**GOVERNMENT'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME
TO RETURN INDICTMENT OR TO FILE AN INFORMATION**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B), for an extension of time, to and including July 6, 2008, in which to seek the return of an indictment or file an information against the defendant Viktorija Malukaite, for the following reasons:

1.    This bank robbery investigation was initiated on May 6, 2008.  Malukaite was arrested by state authorities on May 7, 2008, and on May 9, 2008, the government charged her by way of complaint with bank robbery in violation of Title 18, United States Code, Sections 2113(a) and 2.

2.    The Speedy Trial Act mandates that an indictment or information be filed within 30 days of the date of the defendant's arrest.  18 U.S.C. § 3161(b).  Accordingly, the deadline for indictment or information in the case may be as early as June 6, 2008.

3.    The government is conducting an investigation into this case, but certain factors have led to the government's request for an extension.  Those factors are stated in the Attachment hereto, which the government respectfully requests be placed under seal.  The government is requesting that

the Attachment be sealed so as not to compromise its ongoing investigation and so as not to reveal matters occurring before the Grand Jury.

4.     Given the reasons stated in the government's sealed Attachment, the thirty days available to the government pursuant to Title 18, United States Code, Section 3161(b) in which to file an indictment or information against a defendant based on his arrest will not be sufficient.  The United States estimates that an extension to and including July 6, 2008, will provide sufficient time within which to return an indictment or information in this matter.

5.     The Speedy Trial Act permits the extension of time to return an indictment "upon the request of the attorney for the government if the Court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).  Among the non-exclusive factors a court may consider are:

a.     Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(B)(i);

b.     Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.  18 U.S.C. § 3161 (h)(8)(B)(iii); and

c.     Whether the failure to grant such a continuance in a case, which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise

of due diligence.  18 U.S.C. §3161(h)(8)(B)(iv).

6.     The government respectfully submits that the continuance is warranted in this case pursuant to the forgoing provisions.  The government has been conducting a diligent and thorough investigation in this case, but the additional factors warranting an extension of time (as cited in the government's Attachment) exist.  The government cannot complete its investigation and make a proper charging decision within the time allowed under Section 3161(b) of the Speedy Trial Act.

7.     Counsel for the government has spoken with Malukaite's attorney, Paul Flynn, who stated he has no objection to this extension of time for the filing of an information or indictment.

WHEREFORE, the United States respectfully requests an extension of time to and including July 6, 2008, in which to seek an indictment in this case.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney


By:     /s Erik A. Hogstrom
        Erik A. Hogstrom
        Assistant United States Attorney
        United States Attorney's Office
        219 South Dearborn Street
        Chicago, Illinois  60604
        (312) 353-8709

Dated: May 28, 2008

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S MOTION FOR AN EXTENSION OF TIME TO RETURN INDICTMENT OR FILE INFORMATION**

was served on May 28, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers, as well as via U.S. mail by placing a copy in the mail on May 28, 2008, on the following party:

Paul Flynn
Attorney for Viktorija Malukaite
55 E. Monroe St.
Suite 2800
Chicago, IL 60603

  /s Erik A. Hogstrom
Erik A. Hogstrom
Assistant United States Attorney
Suite 500
219 South Dearborn Street
Chicago, Illinois
(312) 353-8709

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No.    08 CR 374 |
| | ) | |
| v. | ) | |
| | ) | |
| VIKTORIJA MALUKAITE | ) | Acting Chief Judge Samuel |
| | ) | Der-Yeghiayan |
| | ) | |

**O R D E R**

Upon the Government's Motion, under Title 18, United States Code, Section 3161(h)(8)(A) & (B), for an extension of time in which to return an indictment in the above-captioned case,

IT IS HEREBY ORDERED that the time within which to file an indictment against the defendant be extended to and including July 6, 2008. Specifically, this Court finds that the ends of justice served by the extension outweigh the best interests of the public and the defendant in a speedy trial because the failure to grant such an extension would deny the government the reasonable time necessary for effective preparation of the evidence for presentation to the Grand Jury, taking into account the exercise of due diligence.

ENTERED:

_____
Samuel Der-Yeghiayan
Chief Judge

DATED: _____